## IN THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE
## CHAPTER 13 PLAN

Check:     ___**Original**     _X_**Amended Pre-Confirmation**     ____**Modified Post-Confirmation**

IN RE: JEANNE M. GOSS,                                          CASE NUMBER: 15-31519
       Debtor(s)

1. **PLAN PAYMENT/TERM.** The debtor(s) shall make plan payments of $790.00 on a ___ weekly; _X_ bi-weekly; ____ semi-monthly; or _____ monthly basis over a term of 60 months by _____ direct pay or _X_ wage order. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions. Debtor(s) shall commence plan payments not later than 30 days from the date of filing of the plan; provided, however, debtors shall make a full month of plan payments within 30 days from filing if the plan provides for the payment of filing fees, adequate protection payments, and/or secured creditor payments.

2. **TAX REFUNDS.** In addition to the plan payments in Paragraph 1, debtor(s)' tax refunds and/or earned income credits shall be paid into the plan as follows: ___ none; ___ all; or, _X_ in excess of $1,000.00. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund; provided, however, debtor(s) shall remit the required tax refund monies directly to the Trustee, if not intercepted. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor. In the event of a joint tax refund, the debtor must supply an affidavit from the non-filing spouse necessary for tax refund distribution herein.

3. **PROPERTY OF THE ESTATE/INSURANCE.** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan. Debtor(s) shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties. Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor with proof of full coverage insurance and maintain the same so long as the debtor(s) shall retain possession of said property.

4. **PRIORITY AND ADMINISTRATIVE EXPENSES.** Such expenses under 11 U.S.C. §503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(a) paid in full in deferred cash payments.

    a)    Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of $3,000.00 less $0.00 previously paid by the debtor(s).

    b)    **Tax claims** to be paid as secured, priority, and/or unsecured non-priority in accordance with the filed claim.

    c)    **Domestic support obligation claims** shall be paid as priority; provided, however, any child support and/or alimony obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations. 11 U.S.C. §507 (a)(1)(B) domestic support obligations assigned to a governmental unit may be paid less than 100% in the event this is a five year plan providing for all disposable income; and, these specific assigned domestic obligations are identified as, and shall be paid by the Trustee as follows:
    _____
    _____
    __.

5. **POST PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full. The debtor(s), however, must stay current with post-petition tax obligations. In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be timely made. In the event the debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover tax liabilities. Debtor(s) shall timely file all required federal and/or state

tax returns and remit any balance due with the return. Failure to comply with any of these provisions may result in the dismissal of the case upon motion by any governmental entity and/or Trustee.

6. **SECURED CREDITOR CLAIMS** shall be filed and administered in accordance with applicable Federal Rules of Bankruptcy Procedure, including but not limited to Rules 3001 and 3002.1.  Per Local Bankruptcy Rule 3001-1 (a) and (b), all creditors asserting a security interest in property of the debtor(s) and/or estate must, prior to the meeting of creditors, file proof that the asserted security interest has been perfected in accordance with applicable law, regardless of whether the plan proposes to pay the claim by the Trustee or directly by the debtor(s). Claims are subject to objection if they are not properly documented and/or perfected regardless of confirmed plan treatment.  Claims filed as secured but not given a secured plan treatment hereinafter shall be paid as unsecured.

7. **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured: _____
   _____

8. **SECURED CLAIMS PAID BY THIRD PARTY.**  The Trustee shall make no payments on the following secured lien claims which shall be paid directly by the designated individual; provided, however, in the event of non-payment by the designated individual, an amended deficiency claim shall be allowed unless provided otherwise.

   | **Creditor** | **Collateral** | **Designated Individual** |
   |---|---|---|

9. **SURRENDERED REAL OR PERSONAL PROPERTY :**  The debtor(s) surrenders the following collateral for sale/foreclosure by the secured creditor, and, unless noted otherwise, the creditor shall file and be paid an amended unsecured deficiency claim which shall relate back to a <u>timely</u> filed secured claim.   In order for the amended deficiency claim to relate back to the original claim, the amended claim must be filed within one hundred twenty (120) days from the claims bar date unless the creditor during this time seeks and is granted additional time within which to file any amended deficiency claim.

   | **Creditor** | **Collateral** |
   |---|---|

10. **LONG-TERM SECURED PERSONAL PROPERTY LIEN(S):** None.

11. **SECURED PERSONAL PROPERTY CLAIMS**:  The holders of the following secured liens shall be paid the secured amount, interest rate and monthly payment over the plan term.  Any portion of the allowed claim exceeding the specified amount shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. §1328. If this case is dismissed or converted prior to completion, the lien is retained to the extent recognized by applicable non-bankruptcy law.   Secured creditors eligible under 11 U.S.C. §1326(a)(1)(C) for pre-confirmation adequate protection payments shall be paid $50.00 a month until confirmation upon tendering the Trustee an adequate protection order.

    | **Creditor** | **Collateral** | **Amount** | **Payment** | **Interest Rate** |
    |---|---|---|---|---|
    | Vantage Finance | 2004 Jeep Cherokee | $2,500.00 | $76.05 | 5 ¼ % |

12. **MORTGAGE CLAIMS:** Mortgage lien holders shall file claims per applicable Federal Rules of Bankruptcy Procedure (FRBP), including but without limitation, Rules 3001 and/or 3002.1.  Claims shall be administered and paid by the Trustee in accordance with said rules, absent objection. Mortgage creditors receiving maintenance installments hereunder shall be paid the monthly mortgage installment payment per the claim; and the pre-petition mortgage arrearage claim amount shall be paid in equal monthly installments over the life of the plan unless a greater amount is specified.  Creditors filing mortgage claims secured by debtor(s) principal residence shall file: Mortgage Proof of Claim Attachment B10 (Attachment A); Notice of Mortgage Payment Changes on Form B10 (Supplement 1); and Notice of Post-Petition Mortgage Fees, Expenses, and Charges on Form B10 (Supplement 2).

The Trustee shall pay any Notice of Payment Change filed per FRBP 3002.1(b) as of its effective date, absent or until resolution of any objection to the same. The Trustee shall pay any Notice of Post-Petition Mortgage Fees, Expenses and Charges filed per FRBP 3002.1(c), absent or until resolution of an objection or motion filed per FRBP 3002.1(e) to determine the validity of the fees, expenses and charges.

    **(A) PRINCIPAL RESIDENCE SECURED MORTGAGE(S) PER (11 U.S.C. §1322(b)(5)):** The debtor(s) own principal residential real property located at 8620 Kingston Pike, Knoxville, Tennessee which is subject to a first mortgage lien in favor of Ocwen whose estimated monthly mortgage payment is $726.07. This mortgage shall be paid _X_ by the Trustee; or, _____ directly by the debtor(s). The foregoing lien shall survive the plan. The debtor(s) have a second mortgage lien in favor of Ocwen whose estimated monthly mortgage payment is $74.76. This mortgage shall be paid _X_ by the Trustee; or _____ directly by the debtor(s). The foregoing lien shall survive the plan.

    **(B) SECURED LONG-TERM MORTGAGE(S) OTHER THAN PRINCIPAL RESIDENCE:** None.

    **(C) STRIPPED MORTGAGE(S)/JUDGMENT LIEN(S):** The debtor(s) own real property located at 8620 Kingston Pike, Knoxville, Tennessee which is subject to a mortgage or judgment lien in favor of **Cavalry, SPV, Ford Motor Credit Company, LLC, LVNV Funding, Capital One Bank, and Midland Funding, LLC.** These liens are not subject to any discharge exception, but are completely unsecured and, are therefore avoided, stripped down and paid as a non-priority, unsecured creditor as provided for under this plan; and, the lien shall be released by the creditor not later than 30 days after the completion of the plan and discharge of debtor(s).

    **(D) MORTGAGE(S)/JUDGMENT LIEN(S) TO BE PAID IN FULL OVER PLAN TERM:** None.

13. **NON-PRIORITY UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range: ____ 0%; ____ 1%-5%; _X_ 6%-20%; _____ 21%-70%, _____ 71% - 100%; or ____ 100%

14. **COSIGNED DEBT.** The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for the full protection of co-debtor(s):
    **Creditor**                    **Approximate Balance**                    **Monthly Payment**

15. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured. **Assumed contracts, as follows, and are to be paid outside of the plan, directly by the debtor(s)** :
    _____

16. **QUALIFIED RETIREMENT AND/OR PENSION** loans or claims shall be paid directly by debtor(s) pursuant to the terms of plan administration with no payments by the Trustee.

17. **\*SPECIAL PROVISIONS**.

06/30/2015         /s/ JEANNE M. GOSS    and  _____
Date                       Debtor(s)
/s/ GAIL F. WORTLEY, Debtor(s) Attorney; State Bar Code 001230
(GAIL F. WORTLEY, 3715 Powers Street, Knoxville, Tennessee  37917, 865-688-8922)

CERTIFICATE OF SERVICE

I certify that a true and exact copy of the Amended Chapter 13 Plan has been forwarded to Gwendolyn M. Kerney, Chapter 13 Trustee, P.O. Box 228, Knoxville, TN  37901, Midland Funding, LLC, c/o Finkelstein, Kern, Steinberg and Cunningham, P.O. Box 1, Knoxville, TN  37901, Capital One Bank, c/o Shon Leverett, Attorney, 2401 Stanley Gault Pkwy, Louisville, KY  40223, LVNV Funding, c/o Shon Leverett, Attorney, 2401 Stanley Gault Pkwy, Louisville, KY  40223, Ford Motor Credit Company, LLC, c/o Stone and Hinds, 507 Gay Street, SW, Suite 700, Knoxville, TN  37902, Cavalry SPV, c/o Christopher W. Conner, Attorney, P.O. Box 5059, Maryville, TN  37802 and all creditors (see attached mailing matrix) by  U.S. Mail, postage prepaid,  this the  30th  day  of June, 2015.

                                           /s/ GAIL F. WORTLEY
                                           GAIL F. WORTLEY

```
Label Matrix for local noticing          United States Bankruptcy Court          Abercrombie Radiological
0649-3                                    Howard H. Baker Jr. U.S. Courthouse     c/o Optima Recovery
Case 3:15-bk-31519-SHB                    Suite 330, 800 Market Street            P.O. Box 52968
Eastern District of Tennessee             Knoxville, TN 37902-2343                Knoxville, TN 37950-2968
Knoxville
Tue Jun 30 15:08:44 EDT 2015

CFM                                       Calvary SPV I                           Capital One Bank
P.O. Box 674257                           c/o Christopher Conner, Attorney        Bankruptcy Dept
Marietta, GA 30006-0071                   P.O. Box 5059                           P.O. Box 30285
                                          Maryville, TN 37802-5059                Salt Lake City, Utah 84130-0285

Capital One Bank                          Chase                                   Comcast Cable
c/o Fenton and McGarvey Attys             P.O. Box 15298                          c/o Enhanced Recovery
2401 Stanley Gault Pkwy                   Wilmington, DE 19850-5298               P.O. Box 57547
Louisville, KY 40223-4175                                                         Jacksonville, FL 32241-7547

Ford Motor Credit                         Internal Revenue Service                Internal Revenue Service
c/o Stone and Hinds                       Centralized Insolvency Operation        P O Box 7346
507 Gay St, SW                            P.O. Box 7346                           Philadelphia, PA  19101-7346
Suite 700                                 Philadelphia, Pennsylvania 19101-7346
Knoxville, TN 37902-1502

LVNV                                      LVNV Funding                            Mazda American Credit
c/o Shon Leverett Atty                    P.O. Box 1097                           P.O. Box 542000
2401 Stanley Gault Pkwy                   Greenville, SC 29602                    Omaha, NE 68154-8000
Louisville, KY 40223-4175

Midland Credit Management, Inc.           Midland Funding                         Midland Funding
as agent for MIDLAND FUNDING LLC          8875 Aero Drive                         c/o Finkelstein, Kern Attys
PO Box 2011                               Suite 200                               P.O. box 1
Warren, MI 48090-2011                     San Dieggo, CA 92123-2255               Knoxville, TN 37901-0001

North American Bancard                    North American Bancard                  Oceanic Worldwide
250 Stephenson Hwy                        c/o Peter Marston, Attorney             2002 Davis St
Troy, MI 48083-1117                       CFM Group                               San Leandro, CA 94577-1211
                                          P.O. Box 674257
                                          Marietta, GA 30006-0071

Ocwen                                     (p)PORTFOLIO RECOVERY ASSOCIATES LLC    Premier Media
1661 Worthington Road                     PO BOX 41067                            7100 B Kingston Pike
Suite 100                                 NORFOLK VA 23541-1067                   Knoxville, TN 37919-5709
West Palm Beach, FL 33409-6493

SYNCB/Care Credit                         Safeco Insurance                        Synchrony/Lowe's
P.O. Box 965005                           c/o Caine and Weiner                    P.O. Box 965005
Orlando, FL 32896-5005                    P.O. Box 5010                           Orlando, FL 32896-5005
                                          Woodland Hills, CA 91365-5010

U S Department of Education               U. S. Department of Justice             U.S. Dept of Education
P O Box 5609                              Tax Division, CTS Eastern Reg.          61 Forsyth St SW
Greenville, TX 75403-5609                 P O Box 227                             Suite 19740
                                          Ben Franklin Station                    Atlanta, GA 30303-8931
                                          Washington, DC 20044-0227
```

| | | |
|---|---|---|
| United States Trustee<br>800 Market Street, Suite 114<br>Howard H. Baker Jr. U.S. Courthouse<br>Knoxville, TN 37902-2303 | United States Attorney's Office<br>Howard H. Baker, Jr., U.S. Courthouse<br>800 Market Street, Suite 211<br>Knoxville, Tennessee 37902-2342 | Vantage Finance<br>4701 Clinton Hwy<br>Knoxville, TN 37912-3935 |
| Gail F. Wortley<br>3715 Powers Street<br>Knoxville, TN 37917-2633 | Gwendolyn M Kerney<br>Chapter 13 Trustee<br>P. O. Box 228<br>Knoxville, TN 37901-0228 | Jeanne M. Goss<br>8620 Kingston Pike<br>Knoxville, TN 37923-5136 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Portfolio Recovery<br>c/o Nathan Horton Attorney<br>120 Corporate Blvd<br>Norfolk, VA 23502 | (d)U.S. Department of Education<br>50 Beale Street, #8629<br>San Francisco, California 94102 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)OCWEN LOAN SERVICING, LLC | End of Label Matrix<br>Mailable recipients   35<br>Bypassed recipients    1<br>Total                 36 |